## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA STANFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| THOMAS DART, in his individual capacity, | ) | |
| COOK COUNTY, a unit of municipal | ) | Jury Demanded |
| government; COOK COUNTY SHERIFF'S | ) | |
| DEPARTMENT, a political subdivision; | ) | |
| THOMAS SNOOKS, SCOTT | ) | |
| KURTOVICH, individually. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## COMPLAINT AT LAW

1.    Plaintiff, BARBARA STANFIELD, employees of the Cook County and the

Cook County Sheriff's Department, seek redress against Defendants, Cook County, the

Cook County Sheriff's Department, Sheriff Thomas Dart, in his official and individual

capacity, and against Scott Kurtovich and Thomas Snooks, in their individual capacity, for

violations of Plaintiff's protected rights, and state as follows:

### Introduction

2.    Plaintiff BARBARA STANFIELD seeks redress for gender discrimination

and sexual harassment by the Defendants in violation of her rights of equal protection and

free speech under the First and Fourteenth Amendments to the Constitution of the United

States and in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq.

This civil rights action is brought under the Civil Rights Act of 1866, 42 U.S.C. § 1983 and

§ 1988, 28 U.S.C. § 2201, et seq., under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e, et seq., as amended by the Civil Rights Act of 1991, and under state law for

violation of the Gender Violence Act, 740 ILCS 82/1, the Illinois Civil Rights Act of 2003, 740 ILCS 23/1 et.seq., assault and battery, and intentional infliction of emotional distress. STANFIELD seeks declaratory and injunctive relief as well as damages for her injuries.

3.      Plaintiff BARBARA STANFIELD seeks redress for sexual harassment and retaliation by Defendants in violation of her rights of equal protection and free speech under the First and Fourteenth Amendments to the Constitution of the United States and in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq.  This civil rights action is brought under the Civil Rights Act of 1866, 42 U.S.C. § 1983 and § 1988, 28 U.S.C. § 2201, et seq., under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended by the Civil Rights Act of 1991, and under state law for assault and battery.   STANFIELD seeks declaratory and injunctive relief as well as damages for her injuries.

4.      Defendants actions reflect a systematic policy and practice of discrimination and retaliation and constitute a continuing violation.

### Jurisdiction

5.      Jurisdiction of this Court is provided by 28 U.S.C. §1331 and §1343.   This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

6.      STANFIELD filed a complaint with the Equal Employment Opportunity Commission and Illinois Department of Human Rights on June 14, 2010.   The EEOC/IDHR has failed to perform any investigation into the charge of discrimination. On August 27, 2010 the Plaintiff requested a status of the investigation or a right to sue. The EEOC/IDHR has refused to respond to the request.

7.      As of October 8, 2010, STANFIELD has not received a right to sue and the EEOC/IDHR has not initiated an investigation into the charge.

8.    Venue is proper in this judicial district under 28 U.S.C. §1391(a) because Plaintiff and all Defendants reside in this District and all events giving rise to Plaintiff's claims occurred within this District.

**The Parties**

9.    Plaintiff BARBARA STANFIELD ("STANFIELD") is a resident of Cook County and an employee of the Cook County Sheriff's Department.

10.    Defendant Cook County is a municipality incorporated under the laws of the State of Illinois.   Cook County administers itself through departments, one of which is the Cook County Sheriff's Department ("Sheriff's Department").

11.    At all relevant times, Defendant Cook County, through the Sheriff's Department, has been continuously engaged in an industry affecting commerce.

12.    At all relevant times and currently, Defendant Thomas Dart ("Sheriff Dart") served in the elected position of Sheriff of Cook County, Illinois.   Sheriff Dart is sued in his official and individual capacity as Sheriff of Cook County.

13.    Defendant Scott Kurtovich ("Kurtovich") is employed by the Cook County Sheriff's Department as the Executive Director of the Cook County Sheriff's Training Institute.   He is sued in his individual capacity.

14.    Defendant Thomas Snooks ("Snooks") was employed by the Cook County Sheriff's Department as a Superintendent in the Department of Corrections, a division of the Cook County Sheriff's Department.   He is sued in his individual capacity.

15.    Defendant Cook County has employed Defendants Dart, Kurtovich and Snooks at all time material hereto.   Cook County is responsible for the acts of Defendants Dart, Kurtovich and Snooks, who were acting within the scope of their employment and pursuant to a policy, custom, and/or pattern of sex discrimination,

sexual harassment, retaliation, and violating individual rights of equal protection and free speech under the First and Fourteenth Amendments to the Constitution of the United States.

16.     Defendants Cook County, the Sheriff's Department and Sheriff Dart are responsible for the acts of Sheriff Department supervisors, who were acting within the scope of their employment and pursuant to a policy, custom, and/or pattern of sex discrimination, sexual harassment, retaliation, and violating individual rights of equal protection and free speech under the First and Fourteenth Amendments to the Constitution of the United States.

17.     All Defendants have acted under color of state law at all material times hereto.

## Facts Upon Which Claims Are Is Based

18.     Plaintiff BARBARA STANFIELD has been employed as a correctional officer by Cook County with the Sheriff's Department since July 22, 1991.

19.     Plaintiff worked in the Records Department and Kitchen Services Department.

20.     Defendant Kurtovich was hired by Defendant Dart and the Sheriff's Department as the Director of the Department of Corrections and at all relevant times was the direct supervisor of Thomas Snooks.

21.     Defendant Snooks was hired by Defendant Dart and the Sheriff's Department and at all relevant times was the Superintendent at the Department of Corrections and was a superior officer to Plaintiff STANFIELD.

22.     Defendant Snooks was the Direct Supervisor of STANFIELD.

23.     Defendant Snooks was hired by the Sheriff's Department based on his

political and personal affiliations with the Sheriff and the Mayor of the City of Chicago.

24.     Defendant Kurtovich was hired by the Sheriff's Department based on his political and personal affiliations.

25.     Defendant Kurtovich has maintained his position by contributing more than $6,000.00 to political candidates associated with the Sheriff of Cook County.

26.     On a continuing and ongoing basis, STANFIELD was subjected to and witnessed repeated and pervasive verbal and physical sexual advances, suggestive sexual comments, and degrading and derogatory remarks, which were unwelcome and offensive, by Defendant Snooks because of her gender.

27.     Defendant Snooks continuously subjected Plaintiff and other women to such offensive, unwelcome, and physically and sexually abusive behavior, including:

a.      In August, 2009, Snooks continually asked me out on dates

b.      Snooks suggesting that he was sexually interested in me;

c.      Snooks said that he could make my job easier if I would agree to have a sexual relationship with him;

d.      In August, 2009 he introduced himself to me while I was assigned to the Pre-release Center and at the time of that first meeting, Snooks said "where you been all this time" and "why haven't I run across you before".

e.      Snooks stated that he was "looking for a girlfriend" and wanted to have sex with me;

f.      Snooks told me that he was running the kitchen and could bring me there and put me in a "special unit";

g.      Snooks asked me for my personal cell phone number which I refused to give him. Snooks called my work assignment requesting my cell number stating he wanted to let me know what special assignments would be available;

h.      There were no actual "special assignments" unit and he used that as a pretext to sexually harass me;

i.     I told him there would be no intimate relationship but he said "I want to be your friend, I can help you".

j.     Later that month, I was transferred to the Records Department on the order of Snooks.

k.     Between October, 2009 and December, 2009, Snooks demanded that I and other female employees come into his office to give him massages.

l.     Snooks grabbed on my breast and asked what color was my bra.

m.     On one occasion, Snooks called me on the radio and directed me to come into his office. When I came into the office he ordered me to sit down on a couch adjacent to his desk. I told him not to close the door, but he proceeded to close and lock the door from the inside. He ordered me to give him a leg massage. Snooks then grabbed me by the neck and arm and forced my head toward his genitals. He then pulled out his penis and tried to force me to give him fellatio. I struggled to get away from him and I told him I was going to scream if he did not let me go.

n.     Snooks then threatened me saying "I can make your life miserable and I will walk out of here with $80,000.00 a year in pension.

o.     Snooks ejaculated on the Plaintiff.

p.     Snooks has threatened me and other female employees of the Sheriff's Department with discipline and physical harm

q.     The Plaintiff is in fear of Snooks and believes that he intends to hurt her if she reports his conduct.

r.     Snooks said he has made sexual advances to other women in the past and that no one was going to touch him. He continued to harass and pursue the Plaintiff even after she have told him to stop.

s.     Defendants Dart and Kurtovich had actual knowledge of Snooks' conduct because Snooks said he bragged to them about it and attended meetings in semen stained clothing.

28.    Sheriff Department supervisors, including Defendants Dart and Kurtovich

6

had knowledge of Snooks' actions and knew of Snooks' unwelcome and offensive conduct towards STANFIELD, and other women, and failed to take steps reasonably calculated to end the harassment.

29.     Female employees of the Sheriff's Department are routinely sexually harassed without consequence to the perpetrators.

30.     This conduct included in and among the following: perpetuating a hostile work environment and condoning sexual harassment, propositioning them, making derogatory, defamatory, and offensive statements to and about them, other female employees, and women in general.

31.     Much of the hostile work environment was open and notorious and included such things as inappropriate touching, assault, battery, threats of sexual assault, sexual abuse by male employees directed to female employees, retaliation against women, refusal to investigate complaints of harassment and retaliation for complaining about sexual harassment.

32.     The Sheriff's Department has a policy against sexual harassment which requires termination of those perpetrators. Since 1999 no male employee has ever been found in violation of that policy in spite of more than 200 complaints made.

33.     Women throughout the Sheriff's Department have been told to not file complaints of sexual harassment and there is no effective method to complain about sexual harassment.

34.     The Sheriff's Department routinely scuttles investigations of complaints of sexual harassment and protects those males who are politically valuable to Defendant Dart.

35.     Defendants contributed to and failed to remedy the hostile work environment.

36.     Plaintiff was initially reluctant to complain for fear of physical and employment retaliation and ostracism from the employees and agents of the Sheriff's Department.

37.     The code in the Sheriff's Department was that employees should not "snitch" on one another.

38.     STANFIELD tried to escape Defendant Snooks' criminal and abusive behavior by requesting to be transferred to another position away from him.

39.     Defendants Dart and Kurtovich permitted Snooks to have unreviewed authority to transfer women into positions in which he could continue to abuse and sexually harass them.

40.     STANFIELD complained to the Office of Professional Review ("OPR") within the Sheriff's about the hostile work environment and Defendant SNOOKS' inappropriate and offensive conduct to no avail.

41.     STANFIELD reported the conduct of Snooks, Dart and Kurtovich to the Illinois Attorney General's Office, which referred the matter to the Cook County Sheriff's Department, the very organization responsible for the abuse in the first instance.

42.     Plaintiff hoped that someone would investigate their complaints and prevent them from being subjected to further abuse, degradation, humiliation, and harassment.

43.     In response to STANFIELD's complaints, Defendants Cook County, the Sheriff's Department, Dart and Kurtovich did nothing. Further, the Sheriff's Department's Office of Professional Review took no action against Snooks.

44.     Snooks always said that he was friends with the Sheriff and Mayor Daley of

8

Chicago, that he was politically connected, and that her complaints would be futile.

45.    Since the filing of the Plaintiff's complaint of sexual harassment, Snooks retired from his position with the Cook County Sheriff's Department and is now collecting a public pension of $80,000.00 as he said he would.

46.    Defendants and Defendants' supervisors and managers conspired to protect Defendants from public disclosure of the pattern and practice of sexual harassment within the Sheriff's Department.

47.    Defendants Cook County, the Sheriff's Department, Sheriff Dart, and Kurtovich had knowledge of the conduct complained of and refused or failed to take action to terminate or correct the conduct, although having the power and authority to do so.

48.    Defendant Sheriff Dart refused and failed to take any effective remedial action and turned a blind eye to STANFIELD's complaints.

49.    STANFIELD applied for leave as a result of her work related injuries, emotional distress, and inability to work.   Defendants retaliated against her by initially denying her leave unless she gave a statement to the Sheriff's Department relating to Snooks.

50.    Defendants Cook County and Cook County Sheriff's Department have a policy and custom of allowing and condoning sexual harassment, failing to respond to complaints, and retaliating against those who complain about unlawful conduct.

51.    Defendants Cook County and Cook County Sheriff's Department failed to provide proper training to its managers, supervisors, and employees to prevent sexual harassment.   Defendants' failure to train was deliberately indifferent to the rights of employees within their purview.

52.     Defendants Sheriff Dart, Kurtovich and Snooks created and perpetuated a
hostile work environment, turned a blind eye to the sexual harassment and Plaintiff's
complaints, and condoned and committed retaliation against Plaintiff.

53.     Defendant Cook County Sheriff's Department has engaged in a pattern and
practice of discrimination and sex-based harassment.   These practices are directly and
indirectly related to the allegations in this Complaint, including but not limited to
allegations and reports that:

      a.     Defendant SNOOKS was given authority over female employees
             with the knowledge that he serially engaged in sexual harassment of
             female employees because he is friends with Sheriff Dart.

      b.     Friends of the Sheriff are hired into correctional jobs based on their
             political connections and without prior correctional experience.

      c.     Promotions and advancement are based on political clout and not
             based on merit.

      d.     Friends of the Sheriff are permitted to harass and retaliate against
             women with impunity.

      e.     Because Plaintiff was not "politically connected," the Sheriff's
             Department refused and/or failed to investigate or remedy their
             complaints.

## COUNT I
### (Plaintiff v. Cook County and the Sheriff's Department)
### (Title VII Violation - Sexual Harassment)

54.     As against Defendants Cook County, the Sheriff's Department, and Sheriff
Dart officially, Plaintiff restate and reallege by reference paragraphs 1 through 53 above
as though fully set forth herein.

55.     The actions of Defendants as perpetrated by its agents and as described
and complained of above, are unlawful employment practices in that they likely have the
effect of discriminating against, depriving and tending to deprive equal employment to,

and otherwise adversely affecting Plaintiff because of their sex, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq.

56.     Defendants have engaged in a policy, pattern, and practice of sexual harassment of women.

57.     Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiff employment and by knowingly failing and refusing to protect Plaintiff from those hostile and abusive conditions.

58.     The actions of Defendants in intentionally engaging in and condoning sexual harassment against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully request:

    a.    All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;

    b.    Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, emotional distress, and defamation, caused by Defendants conduct;

    c.    Defendants be required to pay prejudgment interest to Plaintiff on these damages;

    d.    A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

    e.    A permanent injunction requiring the Defendants adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e et seq.;

    f.    The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

    g.    An award of reasonable attorneys fees, costs, and litigation expenses; and

    h.    Such other relief as the Court may deem just or equitable.

**COUNT II**

11

**(Plaintiff v. All Defendants)**
**(§ 1983 Violation of Equal Protection – Sex Discrimination)**

59.     As against all Defendants, Plaintiff restate and reallege by reference

paragraphs 1 through 53 above as though fully set forth herein.

60.     Defendants intentionally subjected Plaintiff to unequal and discriminatory

treatment by creating a hostile and abusive work environment that altered the conditions

of Plaintiff employment.

61.     Defendants Cook County, Cook County Sheriff's Department, Sheriff Dart,

Kurtovich, and Snooks intentionally subjected Plaintiff to unequal and discriminatory

treatment by creating a hostile and abusive work environment that altered the conditions

of Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff from

those hostile and abusive conditions.

62.     Plaintiff was required to tolerate and endure Defendant Snooks's sexual

advances.

63.     Defendants' actions reflect a policy, custom, or pattern of official conduct of

engaging in and condoning sexual harassment of women:

> a.     Defendant Snooks intentionally subjected Plaintiff to unequal and
> discriminatory treatment by engaging in repeated and persistent acts
> of unwelcome and offensive sexual harassment of Plaintiff;
>
> b.     Defendant Snooks has engaged in conduct with other female
> employees of Cook County and the Sheriff's Department who have
> found such conduct to be unwelcome and offensive;
>
> c.     Defendant Snooks treated Plaintiff in a degrading, offensive and
> discriminatory manner because of their gender, and Cook County,
> the Sheriff's Department, Sheriff Dart, and Kurtovich refused to take
> corrective action;
>
> d.     Plaintiff and other females were subjected to a hostile work
> environment because of their gender, and Defendants failed and
> refused to take corrective action;

e. Defendants, Cook County, the Sheriff's Department, Sheriff Dart, and Kurtovich refused to take prompt and appropriate corrective action with respect to Plaintiff's complaints; and

f. Defendants, Cook County, the Sheriff's Department, Sheriff Dart, and Kurtovich have failed and refused to take prompt and appropriate corrective action with respect to sexual harassment complaints by other women.

64. The Defendants, Dart and Kurtovich, have knowingly created and perpetuated an environment which is openly hostile to female employees, the perpetrators of which are routinely protected from discipline.

65. The express policy of the Sheriff's Department is a sham and was created and maintained to provide legal and political cover for Dart, the elected sheriff of Cook County, and not for the purposes of enforcement.

66. The actions of Defendants against Plaintiff violate their equal protection right to be free from sexual harassment under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

67. The actions of Defendants were intentional, willful, and malicious and/or in deliberate indifference for Plaintiff's rights as secured by 42 U.S.C. § 1983.

68. The actions of Defendants in intentionally engaging in and condoning sexual harassment against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests:

a. All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;
b. Compensatory damages in an amount to be determined at trial to compensate Plaintiff for their depression, humiliation, anguish, emotional distress, and defamation, caused by Defendants' conduct;
c. Defendants be required to pay prejudgment interest to Plaintiff on these damages;

d.    A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

e.    A permanent injunction requiring that the Defendants adopt employment practices and policies in accord and conformity with the requirements of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and further requiring that Defendants adopt and initiate effective remedial actions to ensure equal treatment of male and female employees and subordinates;

f.    A declaratory judgment that Defendants' actions violate the First and Fourteenth Amendments to the United States Constitution;

g.    The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

h.    Punitive damages as allowed by law as against Defendants Sheriff Dart (individually), Kurtovich, and Snooks;

i.    An award of reasonable attorneys' fees, costs, and litigation expenses; and

j.    Such other relief as the Court may deem just or equitable.

## STATE LAW SUPPLEMENTAL CLAIMS

### COUNT III
### (Plaintiff v. Defendant Snooks)
### (Assault and Battery)

67.    As against Defendant Snooks only, Plaintiff restate and reallege by reference paragraphs 1 through 53 above as though fully set forth herein.

68.    On occasions since August, 2009 and continuing through December, 2009, without cause or provocation, Defendant Snooks assaulted STANFIELD by his threatening, degrading, and hostile demeanor, causing STANFIELD to be placed in well-founded fear of her safety and well-being.

69.    In the end of 2009 through the beginning of 2010, without cause or provocation, Defendant Snooks assaulted STANFIELD by his threatening, degrading, and hostile demeanor, causing her to be placed in well-founded fear of her safety and well-being.

70.     Defendant Snooks thereby intentionally and unlawfully threatened injury by force to the persons of Plaintiff, which under the circumstances created in Plaintiff a well-founded fear of imminent peril, and Defendant Snooks had the apparent present ability to effectuate and complete the injury so offered and threatened.

71.     Defendant Snooks perverse sexual battery, touching, groping, and assault and battery of STANFIELD described herein, <u>supra</u>, were performed without her consent and against their will, and resulted in harmful and/or offensive contact to Plaintiff.

72.     At all relevant times to this action, Defendant Snooks knew or reasonably should have known that his conduct was harmful and/or offensive to Plaintiff.   Defendant Snooks actions as alleged herein, <u>supra</u>, were willful and intentional and were taken with wanton disregard of Plaintiffs well-being.

73.     As a direct and proximate result of Defendant Snooks unlawful acts, Plaintiff has suffered severe physical and emotional damages resulting in and among the following:   the need for medical and psychological treatment; pain and suffering; disability for which they suffered lost wages and will be expected to suffer in the future; and future economic loss for medical and psychological treatment.

74.     Defendant Snooks acted wilfully and maliciously with respect to his treatment of Plaintiff

**WHEREFORE**, Plaintiff respectfully request:

a.     Compensatory damages;
b.     Punitive damages as allowed by law;
c.     An award of reasonable attorneys fees, costs, and litigation expenses; and
d.     Such other relief as the Court may deem just or equitable.

**COUNT IV**
**(STANFIELD v. Defendant Snooks**)

15

**(Intentional Infliction of Emotional Distress)**

75.     As against Defendant Snooks, STANFIELD restates and realleges by reference paragraphs 1 through 53 above as though fully set forth herein.

76.     The intentional acts of Defendant Snooks constitute extreme and outrageous conduct, beyond the bounds of decency, which inflicted severe emotional distress and mental anguish on STANFIELD.

77.     As a proximate result of Defendant Snooks' unlawful acts, Plaintiff has suffered severe mental anxiety and emotional and physical distress.

78.     Defendant Snooks acted willfully and maliciously with respect to his treatment of Plaintiff.

        **WHEREFORE**, STANFIELD respectfully requests:

        a.     Economic losses Plaintiff sustained and will sustain as a result of the intentional infliction of emotional distress, including prejudgment interest on such amounts;
        b.     Compensatory damages;
        c.     Punitive damages as allowed by law;
        d.     An award of reasonable attorneys' fees, costs, and litigation expenses; and
        e.     Such other relief as the Court may deem just or equitable.

**COUNT V**
**(STANFIELD v. Defendants Dart, Kurtovich and Snooks)**
**(Gender Violence Act, 740 ILCS 82/1 et.seq.)**

79.     As against Defendant Snooks, STANFIELD restates and realleges by reference paragraphs 1 through 53 above as though fully set forth herein.

80.     Defendant Snooks perpetrated acts of violence and physical aggression against the STANFIELD which otherwise satisfy the elements of battery under Illinois law.

81.     Defendant Snooks' conduct was based on STANFIELD's gender.

82.     As a proximate result of Defendants' unlawful acts, Plaintiff has suffered

severe mental anxiety and emotional and physical distress.

83.     Defendant Snooks acted willfully and maliciously with respect to his treatment of Plaintiff STANFIELD.

**WHEREFORE**, STANFIELD respectfully requests:

a.    Economic losses Plaintiff sustained and will sustain as a result of the intentional infliction of emotional distress, including prejudgment interest on such amounts;

b.    Compensatory damages;

c.    Punitive damages as allowed by law;

d.    An award of reasonable attorneys' fees, costs, and litigation expenses; and

e.    Such other relief as the Court may deem just or equitable.

## COUNT VI
### (Plaintiff v. Cook County and the Sheriff's Department)
### (Illinois Civil Rights Act of 2003-740 ILCS 23/1 et.seq.)

84.     As against Defendants Cook County, the Sheriff's Department, and Sheriff Dart officially, Plaintiff restate and reallege by reference paragraphs 1 through 53 above as though fully set forth herein.

85.     The actions of Defendants as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of their sex, in violation of 740 ILCS 23/1 et.seq.

86.     Defendants have engaged in a policy, pattern, and practice of sexual harassment of women and based on gender.

87.     Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff from

those hostile and abusive conditions.

88.     The actions of Defendants in intentionally engaging in and condoning

sexual harassment against Plaintiff has caused Plaintiff great mental anguish,

humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost

wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully request:

   a.   All wages and benefits Plaintiff would have received but for the
        discrimination, including pre-judgment interest;
   b.   Compensatory damages in an amount to be determined at trial to
        compensate Plaintiff for the depression, humiliation, anguish,
        emotional distress, and defamation, caused by Defendants' conduct;
   c.   Defendants be required to pay prejudgment interest to Plaintiff on
        these damages;
   d.   A permanent injunction enjoining the Defendants from engaging in
        the discriminatory practices complained of herein;
   e.   The Court retain jurisdiction of this case until such time as it is
        assured that the Defendants have remedied the policies and
        practices complained of herein and are determined to be in full
        compliance with the law;
   f.   An award of reasonable attorneys' fees, costs, and litigation
        expenses; and
   g.   Such other relief as the Court may deem just or equitable.

## COUNT VII

## INDEMNIFICATION

### (Against Cook County)

89.     STANFIELD hereby incorporates and realleges paragraphs 1-53 as though

set forth and is incorporated by reference.

90.     Pursuant to 745 ILCS 10/9-102, 55 ILCS 5/4-603 and 55 ILCS 5/5-1106,

Cook County is empowered and directed to pay any judgment for compensatory

damages (and any associated attorney fees and costs) for which an independently

elected Cook County officer, such as the Cook County Sheriff and its deputies, including

but not limited to Defendants Dart, Kurtovich and Snooks, acting within the scope of their

employment is found liable.

91.     The acts and/or omissions of Defendants Dart, Kurtovich and Snooks were

Committed within the scope of their respective employments with the Cook County

Sheriff's Department.

92.     In the event that a judgment for compensatory damages is entered against

the Defendants Dart, Kurtovich and Snooks and/or Sheriff's Department, Cook County

must pay the judgment as well as the associated attorney fees and costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY**


By: _____
        Luke A. Casson
        One of Plaintiff's Attorneys


Luke A. Casson
Andreou & Casson, Ltd.
661 West Lake St., Suite 2N
Chicago, Illinois 60661
312.935.2000/ 312.935.2001