# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6569 | **DATE** | 9/1/2011 |
| **CASE TITLE** | Barbara Stanfield vs. Cook County et at | | |

**DOCKET ENTRY TEXT**

For the reasons stated, the Court denies Dart and Kurtovich's Motion to Dismiss Counts II and V.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Barbara Stanfield ("Stanfield") filed suit against Thomas Dart ("Dart"), Cook County ("County"), the Cook County Sheriff's Department ("CCSD"), Thomas Snooks ("Snooks"), and Scott Kurtovich ("Kurtovich") (together, "Defendants"). The Court previously granted in part and denied in part Defendants' Motion to Dismiss. (Doc. 39.) Stanfield filed a Third Amended Complaint, alleging in Count II that the CCSD, Dart, Kurtovich, and Snooks discriminated against her on the basis of her gender in violation of 42 U.S.C. § 1983 ("§ 1983") and in Count V that Dart, Kurtovich, and Snooks violated the Gender Violence Act, 740 ILCS 82/1 *et seq*. ("GVA"). Dart and Kurtovich now move to dismiss Counts II and V.[11] Snooks and the CCSD are not parties to this Motion to Dismiss and the Court's April 14th order as it relates to them remains unchanged. For the following reasons, the Court denies Dart and Kurtovich's Motion to Dismiss Counts II and V.

As discussed in greater detail in the Court's April 14, 2011 Order, Stanfield alleges that she was continuously subjected to offensive, unwelcome, physically and sexually abusive behavior while employed as a correctional officer at the CCSD. The Court previously found that Stanfield had not sufficiently pled a § 1983 or a GVA claim against Dart or Kurtovich. Specifically, the Court noted that Stanfield failed to plead any facts to support her conclusory allegations that Dart and Kurtovich were aware of Snooks' sexually aggressive behavior.

Section 1983 "does not allow actions against individuals merely for their supervisory role of others." *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000). Supervisors are not liable under § 1983 "unless [they] caused or participated in the alleged constitutional deprivation." *Id*. (dismissing § 1983 claims against supervisors where "there are no allegations that either of them was personally involved in the constitutional wrongdoing.") (internal citation omitted). The supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Hildebrandt v. Ill. Dep't of Natural Res.*, 347 F.3d 1014, 1039

**STATEMENT**

(7th Cir. 2003) (citation omitted); *see Bohen v. City of E. Chi., Ind.*, 799 F.2d 1180, 1187 (7th Cir. 1986) (noting that a plaintiff may make a showing of sexual harassment attributable to the employer under § 1983 "by showing that the conscious failure of the employer to protect the plaintiff from the abusive conditions created by fellow employees amounted to intentional discrimination."); *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985) (official that "knew of the actions of his subordinates which resulted in a constitutional violation" but "failed to take any preventative action" was considered "personally involved" for § 1983 purposes).

Here, Stanfield alleges in her Third Amended Complaint that she "complained directly to the Office of the Sheriff" about the sexual harassment that she suffered at the hands of Snooks. (TAC ¶ 36.) Stanfield claims that in June 2010 she sent a written complaint form directly to Dart, informing Dart that Snooks physically assaulted her. (*Id.* ¶ 37.) Upon receiving the written complaint, Dart and Kurtovich—Snooks' direct supervisor—met with Snooks and had "actual knowledge" of Stanfield's complaints about Snooks. (*Id.* ¶¶ 39-40.) Instead of investigating Snooks, Dart promoted him and Dart and Kurtovich continued to allow Snooks to have "unreviewed authority to transfer women into positions in which he could continue to abuse and sexually harass them." (*Id.* ¶¶ 41-42, 52.) The Court finds that Stanfield has sufficiently pled a § 1983 claim against Snooks' supervisors—Dart and Kurtovich—by alleging that she complained directly to them in June 2010 to no avail; that they promoted instead of investigated Snooks; and that they were aware of Snooks' actions but failed to take any preventative measures. *See Smith*, 761 F.2d at 369; *but see Maldonado v. Devine*, 2009 WL 1530706 at *3 (N.D. Ill. May 28, 2009) (Hibbler, J.) (finding a prisoner's allegation that he sent a letter to defendants but did not receive a response was insufficient to hold them liable as supervisors under § 1983).

Dart and Kurtovich are not entitled to qualified immunity because the Court has already found a constitutional violation and now finds that Stanfield sufficiently alleges that Dart and Kurtovich were aware of and actively facilitated Snooks' violations of Stanfield's constitutional rights. Accordingly, the Court denies Dart and Kurtovich's Motion to Dismiss Count II.

Dart and Kurtovich also move to dismiss Count V, which alleges a claim under the GVA against them. The GVA provides victims of "gender-related violence," defined to include acts of sexual assault or battery, with "a private right of action against those who personally committed the acts of gender-related violence and against those who encouraged or assisted the acts of gender-related violence." *Doe v. Univ. of Chi.*, 939 N.E.2d 76, 78 (Ill. App. Ct. 2010). "Gender-related violence includes acts satisfying the elements of battery committed at least in part on the basis of a person's sex and physical intrusions or invasions of a sexual nature under coercive conditions that satisfy the elements of battery." *See, e.g., Cruz v. Primary Staffing, Inc.*, 2011 WL 1042629 at *1 (N.D. Ill. Mar. 22, 2011) (Lefkow, J.).

Stanfield concedes that no Illinois court has clarified the "encouragement or assistance" provision of the GVA. The Court, however is persuaded at this stage of the proceedings that "encouragement or assistance" includes a supervisor who allegedly knows that an employee is committing repeated acts of gender-related violence and not only turns a blind eye to those actions but also promotes that employee. Accordingly, the Court denies Dart and Kurtovich's Motion to Dismiss Count V.

For the reasons stated, the Court denies Dart and Kurtovich's Motion to Dismiss Counts II and V.