**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BARBARA STANFIELD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 10 C 6569** |
| | ) | |
| **THOMAS DART, in his individual** | ) | **Judge Virginia Kendall** |
| **capacity; COOK COUNTY, a unit** | ) | |
| **of municipal government; COOK** | ) | |
| **COUNTY SHERIFF'S DEPARTMENT,** | ) | |
| **a political subdivision; THOMAS** | ) | |
| **SNOOKS, SCOTT KURTOVICH,** | ) | |
| **individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS, DART, KURTOVICH, COOK COUNTY SHERIFF'S
DEPARTMENT and COOK COUNTY'S
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendants, Thomas Dart, in his individual capacity, Cook County, Cook County Sheriff's Department, and Scott Kurtovich, individually, by their attorney, Anita Alvarez, State's Attorney of Cook County, through her Assistants, Donald J. Pechous and Lisa M. Meador, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, answer Plaintiff's Third Amended Complaint as follows:

1.  Plaintiff, BARBARA STANFIELD, employees of the Cook County and the Cook County Sheriff's Department, seek redress against Defendants, Cook County, the Cook County Sheriff's Department, Sheriff Thomas Dart, in his official and individual capacity, and against Scott Kurtovich and Thomas Snooks, in their individual capacity, for violations of Plaintiff' protected rights, and state as follows:

1

**ANSWER**:   Defendants deny the allegations of paragraph (1).

## <u>Introduction</u>

2.     Plaintiff BARBARA STANFIELD seeks redress for gender discrimination and sexual harassment by the Defendants in violation of her rights of equal protection under the Fourteenth Amendment to the Constitution of the United States and in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 <u>et seq.</u>   This civil rights action is brought under the Civil Rights Act of 1866, 42 U.S.C. § 1983 and §1988, 28 U.S.C. §2201, <u>et seq.</u>, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, <u>et seq.</u>, as amended by the Civil Rights Act of 1991, and under state law for violation of the Gender Violence Act, 740 ILCS 82/1, the Illinois Civil Rights Act of 2003, 740 ILCS 23/1 et.seq., assault and battery, and intentional infliction of emotional distress.   STANFIELD seeks declaratory and injunctive relief as well as damages for her injuries.

**ANSWER**:   Defendants admit that Barbara Stanfield bring this action under the Civil Rights Act of 1866, 42 U.S.C. § 1983 and §1988, 28 U.S.C. §2201, <u>et seq.</u>, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, <u>et seq.</u>, as amended by the Civil Rights Act of 1991, and under state law for violation of the Gender Violence Act, 740 ILCS 82/1, the Illinois Civil Rights Act of 2003, 740 ILCS 23/1 et.seq., assault and battery, and intentional infliction of emotional distress. Defendants deny the remaining allegations of paragraph (2).

3.     The Defendants' actions reflect a systematic policy and practice of discrimination and retaliation and constitute a continuing violation.

**ANSWER**:   Defendants deny the allegations of paragraph (3).

## Jurisdiction

4.      Jurisdiction of this Court is provided by 28 U.S.C. §1331 and §1343.

This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C.

§ 1367.

**ANSWER**:   Defendants admit the allegations of paragraph (4).

5.      STANFIELD filed a complaint with the Equal Employment

Opportunity Commission and Illinois Department of Human Rights on June 14,

2010.   The EEOC/IDHR has failed to perform any investigation into the charge of

discrimination. On August 27, 2010 the Plaintiff requested a status of the

investigation or a right to sue. The EEOC/IDHR has refused to respond to the

request.

**ANSWER**:   Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations of paragraph (5).

6.      On November 3, 2010, STANFIELD received a right to sue letter from

the U.S. Department of Justice, Civil Rights Division.

**ANSWER**:   Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations of paragraph (6).

7.      Venue is proper in this judicial district under 28 U.S.C. §1391(a)

because Plaintiff and all Defendants reside in this District and all events giving rise

to Plaintiff' claims occurred within this District.

**ANSWER**:   Defendants admit the allegations of paragraph (7).

## The Parties

8.     Plaintiff BARBARA STANFIELD ("STANFIELD") is a resident of Cook County and an employee of the Cook County Sheriff's Department.

**ANSWER**:   Defendants admit the allegations of paragraph (8).

9.     Defendant Cook County is a municipality incorporated under the laws of the State of Illinois.   Cook County administers itself through departments, one of which is the Cook County Sheriff's Department ("Sheriff's Department").

**ANSWER**:   Defendants admit that Cook County is a municipality incorporated under the laws of the State of Illinois.   Defendants deny the remaining allegations of paragraph (9).

10.    At all relevant times, Defendant Cook County, through the Sheriff's Department, has been continuously engaged in an industry affecting commerce.

**ANSWER**:   Defendants deny the allegations of paragraph (10).

11.    At all relevant times and currently, Defendant Thomas Dart ("Sheriff Dart") served in the elected position of Sheriff of Cook County, Illinois.   Sheriff Dart is sued in his official and individual capacity as Sheriff of Cook County.

**ANSWER**:   Defendants admit that Thomas Dart is currently the duly elected Sheriff of Cook County, Illinois and is sued herein in his official and individual capacity.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph (11).

12.    Defendant Scott Kurtovich ("Kurtovich") is employed by the Cook County Sheriff's Department as the Executive Director of the Cook County Sheriff's

Training Institute.   He is sued in his individual capacity.

      **ANSWER**:   Defendants admit the allegations of paragraph (12).

      13.    Defendant Thomas Snooks ("Snooks") was employed by the Cook County Sheriff's Department as a Superintendent in the Department of Corrections, a division of the Cook County Sheriff's Department.   He is sued in his individual capacity.

      **ANSWER**:   Defendants admit the allegations of paragraph (13).

      14.    Defendant Cook County has employed Defendants Dart, Kurtovich and Snooks at all time material hereto.   Cook County is responsible for the acts of Defendants Dart, Kurtovich and Snooks, who were acting within the scope of their employment and pursuant to a policy, custom, and/or pattern of sex discrimination, sexual harassment, retaliation, and violating individual rights of equal protection under the Fourteenth Amendment to the Constitution of the United States.

      **ANSWER**:   Defendants deny the allegations of paragraph (14).

      15.    Defendants Cook County, the Sheriff's Department and Sheriff Dart are responsible for the acts of Sheriff Department supervisors, who were acting within the scope of their employment and pursuant to a policy, custom, and/or pattern of sex discrimination, sexual harassment, retaliation, and violating individual rights of equal protection and free speech under the First and Fourteenth Amendments to the Constitution of the United States.

      **ANSWER**:   Defendants deny the allegations of paragraph (15).

      16.    All Defendants have acted under color of state law at all material times

hereto.

**ANSWER**:  Defendants admit the allegations of paragraph (16).

## Facts Upon Which Claims Are Is Based

17.    Plaintiff BARBARA STANFIELD has been employed as a correctional officer by Cook County with the Sheriff's Department since July 22, 1991.

**ANSWER**:  Defendants deny the allegations of paragraph (17).

18.    Plaintiff worked in the Records Department and Kitchen Services Department.

**ANSWER**:  Defendants admit the allegations of paragraph (7).

19.    Defendant Kurtovich was hired by Defendant Dart and the Sheriff's Department as the Director of the Department of Corrections and at all relevant times was the direct supervisor of Thomas Snooks.

**ANSWER**:  Defendants admit that Kurtovich was hired by the Sheriff's Department.   Defendants deny the remaining allegations of paragraph (19).

20.    Defendant Snooks was hired by Defendant Dart and the Sheriff's Department and at all relevant times was the Superintendent at the Department of Corrections and was a superior officer to Plaintiff STANFIELD.

**ANSWER**:   Defendants admit that Snooks was hired by the Sheriff's Department.   Defendants deny the remaining allegations of paragraph (20).

21.    Defendant Snooks was the Direct Supervisor of STANFIELD.

**ANSWER**:  Defendants deny the allegations of paragraph (21).

22.    Defendant Snooks was hired by the Sheriff's Department based on his

political and personal affiliations with the Sheriff and the Mayor of the City of Chicago.

**ANSWER**: Defendants deny the allegations of paragraph (22).

23. Defendant Kurtovich was hired by the Sheriff's Department based on his political and personal affiliations.

**ANSWER**: Defendants deny the allegations of paragraph (23).

24. Defendant Kurtovich has maintained his position by contributing more than $6,000.00 to political candidates associated with the Sheriff of Cook County.

**ANSWER**: Defendants deny the allegations of paragraph (24).

25. On a continuing and ongoing basis, STANFIELD was subjected to and witnessed repeated and pervasive verbal and physical sexual advances, suggestive sexual comments, and degrading and derogatory remarks, which were unwelcome and offensive, by Defendant Snooks because of her gender.

**ANSWER**: Defendants deny the allegations of paragraph (25).

26. Defendant Snooks continuously subjected Plaintiff and other women to such offensive, unwelcome, and physically and sexually abusive behavior, including:

  a. In August, 2009, Snooks continually asked me out on dates

  b. Snooks suggesting that he was sexually interested in me;

  c. Snooks said that he could make my job easier if I would agree to have a sexual relationship with him;

  d. In August, 2009 he introduced himself to me while I was assigned to the Pre-release Center and at the time of that first meeting, Snooks said "where you been all this time" and "why haven't I run across you before".

e.   Snooks stated that he was "looking for a girlfriend" and wanted to have sex with me;

f.   Snooks told me that he was running the kitchen and could bring me there and put me in a "special unit";

g.   Snooks asked me for my personal cell phone number which I refused to give him. Snooks called my work assignment requesting my cell number stating he wanted to let me know what special assignments would be available;

h.   There were no actual "special assignments" unit and he used that as a pretext to sexually harass me;

i.   I told him there would be no intimate relationship but he said "I want to be your friend, I can help you".

j.   Later that month, I was transferred to the Records Department on the order of Snooks.

k.   Between October, 2009 and December, 2009, Snooks demanded that I and other female employees come into his office to give him massages.

l.   Snooks grabbed on my breast and asked what color was my bra.

m.   On one occasion, Snooks called me on the radio and directed me to come into his office. When I came into the office he ordered me to sit down on a couch adjacent to his desk. I told him not to close the door, but he proceeded to close and lock the door from the inside.   He ordered me to give him a leg massage. Snooks then grabbed me by the neck and arm and forced my head toward his genitals. He then pulled out his penis and tried to force me to give him fellatio. I struggled to get away from him and I told him I was going to scream if he did not let me go.

n.   Snooks then threatened me saying "I can make your life miserable and I will walk out of here with $80,000.00" a year in pension.

o.    Snooks ejaculated on the Plaintiff.

p.    Snooks has threatened me and other female employees of the Sheriff's Department with discipline and physical harm

q.    The Plaintiff is in fear of Snooks and believes that he intends to hurt her if she reports his conduct.

r.    Snooks said he has made sexual advances to other women in the past and that no one was going to touch him. He continued to harass and pursue the Plaintiff even after she have told him to stop.

s.    Defendants Dart and Kurtovich had actual knowledge of Snooks' conduct because Snooks said he bragged to them about it and attended meetings in semen stained clothing.

**ANSWER**:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of subparagraphs (a-r).   Defendants deny the remaining allegations of paragraph (26).

27.    Sheriff Department supervisors, including Defendants Dart and Kurtovich, had knowledge of Snooks' actions and knew of Snooks' unwelcome and offensive conduct towards STANFIELD, and other women, and failed to take steps reasonably calculated to end the harassment.

**ANSWER**:   Defendants deny the allegations of paragraph (27).

28.    Female employees of the Sheriff's Department are routinely sexually harassed without consequence to the perpetrators.

**ANSWER**:   Defendants deny the allegations of paragraph (28).

29.    In 2006, Defendant Snooks sexually harassed a female subordinate which was not investigated and Defendant Snooks was not disciplined.

**ANSWER**:   Defendants deny the allegations of paragraph (29).

30.   Snooks also demanded that other female employees in the records department give rub and caress him.

**ANSWER**:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (30).

31.   Specifically, from September to December, 2009 Snooks demanded that Desiree Sowder and Keesha Marion, co-employees of the Plaintiff and subordinates of Defendant Snooks, touch him, rub him and have sexually explicit contact with him as a term and condition of their employment.

**ANSWER**:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (31).

32.   In November, 2009, Defendant Snooks' conduct was witnessed by another supervisor and was told that his actions were dangerous and reckless.

**ANSWER**:   Defendants deny the allegations of paragraph (32).

33.   Defendants Dart and Kurtovich had specific knowledge of Snooks' conduct as it had been consistently reported to both Kurtovich and Dart from September through December, 2009.

**ANSWER**:   Defendants deny the allegations of paragraph (33).

34.   In December, 2009 Snooks told both Dart and Kurtovich that he had sexual contact with the Plaintiff.

**ANSWER**:   Defendants deny the allegations of paragraph (34).

35.   Defendants Dart and Kurtovich met with Defendant Snooks at the

County complex at 26th Street and California Ave. in Chicago immediately after Snooks sexually assaulted the Plaintiff in October, 2009. Upon information and belief, at that meeting Snooks bragged of his actions prior to the convening of that meeting and other supervisors commented on the semen stains on his clothing. Defendants Dart and Kurtovich attended that meeting.

**ANSWER**:   Defendants deny the allegations of paragraph (35).

36.    The Plaintiff complained directly to the Office of the Sheriff. Her complaint was never thoroughly investigated until the Plaintiff went to the Illinois Attorney General to request action.

**ANSWER**:   Defendants admit that plaintiff filed a complaint in June of 2010. Defendants deny the remaining allegations of paragraph (36).

37.    In June, 2010 the Plaintiff sent a written complaint form directly to Defendant Dart. In that complaint, the Plaintiff directly informed Defendant Dart that she had been physically assaulted by Defendant Snooks.

**ANSWER**:   Defendants deny the allegations of paragraph (37).

38.    The Plaintiff took medical leave from her position in the central kitchen in June, 2010.

**ANSWER**:   Defendants admit the allegations of paragraph (38).

39.    In June, 2010, upon receiving the Plaintiff's written complaint, Dart and Kurtovich met with Snooks.

**ANSWER**:   Defendants admit the allegations of paragraph (39).

40.    In June, 2010 Dart and Kurtovich had actual knowledge of Snooks'

conduct and the Plaintiff's complaints about Snooks' conduct because they both had actual possession of the Plaintiff's written complaint.

**ANSWER**:   Defendants deny the allegations of paragraph (40).

41.    Defendants Dart and Kurtovich, instead of investigating the matter and referring the matter for criminal prosecution, stifled the investigation and requested that Snooks resign so that the investigation could be stopped and Snooks could receive his pension.

**ANSWER**:   Defendants deny the allegations of paragraph (41).

42.    Instead to investigating and disciplining Defendant Kurtovich, Defendant Dart promoted Kurtovich from Assistant Director to Director of the Training Academy.

**ANSWER**:   Defendants deny the allegations of paragraph (42).

43.    This conduct included in and among the following: perpetuating a hostile work environment and condoning sexual harassment, propositioning them, engaging in sexual conduct with employees and making offensive statements to and about them, other female employees, and women in general.

**ANSWER**:   Defendants deny the allegations of paragraph (43).

44.    Much of the hostile work environment was open and notorious and included such things as inappropriate touching, assault, battery, threats of sexual assault, sexual abuse by male employees directed to female employees, retaliation against women, refusal to investigate complaints of harassment and retaliation for complaining about sexual harassment.

**ANSWER**:   Defendants deny the allegations of paragraph (44).

45.     The Sheriff's Department has a policy against sexual harassment which requires termination of those perpetrators.

**ANSWER**:   Defendants admit the Sheriff's Department has a policy against sexual harassment.   Defendants deny the remaining allegations of paragraph (45).

46.     Women throughout the Sheriff's Department have been told to not file complaints of sexual harassment and there is no effective method to complain about sexual harassment.

**ANSWER**:   Defendants deny the allegations of paragraph (46).

47.     The Sheriff's Department routinely scuttles investigations of complaints of sexual harassment and protects those males who are politically valuable to Defendant Dart.

**ANSWER**:   Defendants deny the allegations of paragraph (47).

48.     Defendants contributed to and failed to remedy the hostile work environment.

**ANSWER**:   Defendants deny the allegations of paragraph (48).

49.     Plaintiff was initially reluctant to complain for fear of physical and employment retaliation and ostracism from the employees and agents of the Sheriff's Department.

**ANSWER**:   Defendants deny the allegations of paragraph (49).

50.     The code in the Sheriff's Department was that employees should not "snitch" on one another.

**ANSWER**:   Defendants deny the allegations of paragraph (50).

51.    STANFIELD tried to escape Defendant Snooks' criminal and abusive behavior by requesting to be transferred to another position away from him.

**ANSWER**:   Defendants deny the allegations of paragraph (51).

52.    Throughout 2009 to June, 2010, Defendants Dart and Kurtovich permitted Snooks to have unreviewed authority to transfer women into positions in which he could continue to abuse and sexually harass them after having received specific knowledge of Snooks' behavior with female staff members.

**ANSWER**:   Defendants deny the allegations of paragraph (52).

53.    STANFIELD complained to the Office of Professional Review ("OPR") within the Sheriff 's Department about the hostile work environment and Defendant SNOOKS' inappropriate and offensive conduct to no avail.

**ANSWER**:   Defendants deny the allegations of paragraph (53).

54.    STANFIELD reported the conduct of Snooks, Dart and Kurtovich to the Illinois Attorney General's Office in June, 2010, which referred the matter to the Cook County Sheriff's Department, the very organization responsible for the abuse in the first instance.

**ANSWER**:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (54).

55.    Plaintiff hoped that someone would investigate their complaints and prevent them from being subjected to further abuse, degradation, humiliation, and harassment.

**ANSWER**:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (55).

56.    In response to STANFIELD's complaints, Defendants Cook County, the Sheriff's Department, Dart and Kurtovich did nothing. Further, the Sheriff's Department's Office of Professional Review took no action against Snooks and the Cook County State's Attorney's office refused to investigate or prosecute Snooks.

**ANSWER:**   Defendants deny the allegations of paragraph (56).

57.    Snooks said that he was friends with the Sheriff and Mayor Daley of Chicago, that he was politically connected, and that her complaints would be futile.

**ANSWER**:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (57).

58.    Since the filing of the Plaintiff's complaint of sexual harassment, Snooks retired from his position with the Cook County Sheriff's Department and is now collecting a public pension of $80,000.00 as he said he would.

**ANSWER**:   Defendants admit that Snooks has retired from the Sheriff's Department.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph (58).

59.    Defendants and Defendants' supervisors and managers conspired to protect Defendants from public disclosure of the pattern and practice of sexual harassment within the Sheriff's Department.

**ANSWER**:   Defendants deny the allegations of paragraph (59).

60.    Defendants the Sheriff's Department, Sheriff Dart, and Kurtovich had

15

knowledge of the conduct complained of and refused or failed to take action to terminate or correct the conduct, although having the power and authority to do so.

**ANSWER**:   Defendants deny the allegations of paragraph (60).

61.   Defendant Sheriff Dart refused and failed to take any effective remedial action and turned a blind eye to STANFIELD's complaints.

**ANSWER**:   Defendants deny the allegations of paragraph (61).

62.   Further, both Defendants Kurtovich and Dart knew of, approved, condoned, encouraged and turned a blind eye to Defendant Snooks' transfer of women, including the Plaintiff, to his unit.

**ANSWER**:   Defendants deny the allegations of paragraph (63).

63.   Defendants Dart and Kurtovich assisted Defendant Snooks with the commission of acts of sexual violence toward the Plaintiff by permitting him to continue control and dominion over the Plaintiff and other women in the unit.

**ANSWER**:   Defendants deny the allegations of paragraph (63).

64.   Knowing that Defendant Snooks was transferring women to his unit in order to engage in abusive and criminal behavior, Defendants Dart and Kurtovich encouraged Defendant Snooks to continue his illegal conduct and supported him when he bragged about his actions.

**ANSWER**:   Defendants deny the allegations of paragraph (64).

65.   In or about October, 2009, Kurtovich entered the records division and upon seeing the Plaintiff asked her why she was in records. The Plaintiff told him that she was told to report to records by Snooks and that he said he had the authority

16

from Kurtovich and Dart to transfer anyone he wanted. Although Kurtovich knew the Plaintiff was not officially assigned to records, he did nothing to protect the Plaintiff from Snooks' conduct.

**ANSWER:** Defendants admit that Kurtovich entered the records division and asked why corrections officers were working in records. Defendants deny the remaining allegations of paragraph (65).

66. Defendants Kurtovich and Dart, as a matter of course, meet on a weekly basis to discuss the operations in the Sheriff's Department. During those meetings, Dart and Kurtovich discussed Snooks' conduct and the transfer of female employees to Snooks' unit.

**ANSWER**: Defendants admit that Dart and Kurtovich met on a weekly basis. Defendants deny the remaining allegations of paragraph (66).

67. STANFIELD applied for leave as a result of her work related injuries, emotional distress, and inability to work. Defendants retaliated against her by initially denying her leave unless she gave a statement to the Sheriff's Department relating to Snooks.

**ANSWER**: Defendants admit that Plaintiff applied for leave. Defendants deny the remaining allegations of paragraph (67).

68. Defendant Cook County Sheriff's Department has a policy and custom of allowing and condoning sexual harassment, failing to respond to complaints, and retaliating against those who complain about unlawful conduct.

**ANSWER**: Defendants deny the allegations of paragraph (68).

69.     Defendant Cook County Sheriff's Department failed to provide proper training to its managers, supervisors, and employees to prevent sexual harassment. Defendants' failure to train was deliberately indifferent to the rights of employees within their purview.

**ANSWER**:   Defendants deny the allegations of paragraph (69).

70.     Defendants Sheriff Dart, Kurtovich and Snooks created and perpetuated a hostile work environment, turned a blind eye to the sexual harassment and Plaintiff's complaints, and condoned and committed retaliation against Plaintiff.

**ANSWER**:   Defendants deny the allegations of paragraph (70).

71.     Defendant Cook County Sheriff's Department has engaged in a pattern and practice of discrimination and sex-based harassment.   These practices are directly and indirectly related to the allegations in this Complaint, including but not limited to allegations and reports that:

a.     Defendant SNOOKS was given authority over female employees with the knowledge that he serially engaged in sexual harassment of female employees because he is friends with Sheriff Dart.

b.     Friends of the Sheriff are hired into correctional jobs based on their political connections and without prior correctional experience.

c.     Promotions and advancement are based on political clout and not based on merit.

d.     Friends of the Sheriff are permitted to harass and retaliate against women with impunity.

e.     Because Plaintiff was not "politically connected," the Sheriff's

Department refused and/or failed to investigate or remedy their complaints.

**ANSWER**: Defendants deny the allegations of paragraph (71).

## COUNT I
### (Plaintiff v. the Sheriff's Department)
### (Title VII Violation - Sexual Harassment)

72. As against Defendant, Sheriff's Department, Plaintiff restates and realleges by reference paragraphs 1 through 71 above as though fully set forth herein.

**ANSWER**: Defendants restate and incorporate their answers to paragraphs 1-71 as their answer to paragraph 72 of Count One.

73. The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of her sex, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq.

**ANSWER**: Defendants deny the allegations of paragraph (73).

74. Defendant has engaged in a policy, pattern, and practice of sexual harassment of women.

**ANSWER**: Defendants deny the allegations of paragraph (74).

75. Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment and by creating a hostile and abusive work environment that altered the conditions of Plaintiff employment and by knowingly failing and

refusing to protect Plaintiff from those hostile and abusive conditions.

**ANSWER**:   Defendants deny the allegations of paragraph (75).

76.    The actions of Defendants in intentionally engaging in and condoning sexual harassment against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**ANSWER**:   Defendants deny the allegations of paragraph (76).

WHEREFORE, Defendants, Thomas Dart, in his individual capacity, Cook County, Cook County Sheriff's Department, and Scott Kurtovich, individually, respectfully request that this Court enter judgment in their favor and against Plaintiff, Barbara Stanfield, that the action be dismissed with prejudice, and that costs be assessed against Plaintiff.

## COUNT II
### (Plaintiff v. Sheriff's Department, Dart, Kurtovich and Snooks)
### (§ 1983 Violation of Equal Protection – Sex Discrimination)

77.    As against all Defendants, Plaintiff restate and reallege by reference paragraphs 1 through 71 above as though fully set forth herein.

**ANSWER**:   Defendants restate and incorporate their answers to paragraphs 1-71 as their answer to paragraph 77 of Count Two.

78.    Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiff employment.

**ANSWER**:   Defendants deny the allegations of paragraph (78).

79.     Defendants Cook County Sheriff's Department, Sheriff Dart, Kurtovich, and Snooks intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiff' employment and by knowingly failing and refusing to protect Plaintiff from those hostile and abusive conditions.

**ANSWER**:   Defendants deny the allegations of paragraph (79).

80.     Plaintiff was required to tolerate and endure Defendant Snooks' sexual advances.

**ANSWER**:   Defendants deny the allegations of paragraph (80).

81.     Defendants' actions reflect a policy, custom, or pattern of official conduct of engaging in and condoning sexual harassment of women:

a.     Defendant Snooks intentionally subjected Plaintiff to unequal and discriminatory treatment by engaging in repeated and persistent acts of unwelcome and offensive sexual harassment of Plaintiff;

b.     Defendant Snooks has engaged in conduct with other female employees of Cook County and the Sheriff's Department who have found such conduct to be unwelcome and offensive;

c.     Defendant Snooks treated Plaintiff in a degrading, offensive and discriminatory manner because of their gender, and Cook County, the Sheriff's Department, Sheriff Dart, and Kurtovich refused to take corrective action;

d.     Plaintiff and other females were subjected to a hostile work environment because of their gender, and Defendants failed and refused to take corrective action;

e.     Defendants, Cook County, the Sheriff's Department, Sheriff

21

Dart, and Kurtovich refused to take prompt and appropriate
corrective action with respect to Plaintiff' complaints; and
Defendants, Cook County, the Sheriff's Department, Sheriff
Dart, and Kurtovich have failed and refused to take prompt and
appropriate corrective action with respect to sexual harassment
complaints by other women.

**ANSWER**:   Defendants deny the allegations of paragraph (81).

82.    The Defendants, Dart and Kurtovich, have knowingly created and
perpetuated an environment which is openly discriminatory and hostile to female
employees, the perpetrators of which are routinely protected from discipline.

**ANSWER**:   Defendants deny the allegations of paragraph (82).

83.    The express policy of the Sheriff's Department is a sham and was
created and maintained to provide legal and political cover for Dart, the elected
sheriff of Cook County, and not for the purposes of enforcement.

**ANSWER**:   Defendants deny the allegations of paragraph (83).

84.    The actions of Defendants against Plaintiff violate her equal protection
right to be free from sexual harassment under the Fourteenth Amendment of the
United States Constitution and 42 U.S.C. § 1983.

**ANSWER**:   Defendants deny the allegations of paragraph (84).

85.    The actions of Defendants were intentional, willful, and malicious
and/or in deliberate indifference for Plaintiff' rights as secured by 42 U.S.C. § 1983.

**ANSWER**:   Defendants deny the allegations of paragraph (85).

86.    The actions of Defendants in intentionally engaging in and condoning
sexual harassment against Plaintiff has caused Plaintiff great mental anguish,

humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**ANSWER**: Defendants deny the allegations of paragraph (86).

WHEREFORE, Defendants, Thomas Dart, in his individual capacity, Cook County, Cook County Sheriff's Department, and Scott Kurtovich, individually, respectfully request that this Court enter judgment in their favor and against Plaintiff, Barbara Stanfield, that the action be dismissed with prejudice, and that costs be assessed against Plaintiff.

## STATE LAW SUPPLEMENTAL CLAIMS

### COUNT III
### (Plaintiff v. Defendant Snooks)
### (Assault and Battery)

87.     As against Defendant Snooks only, Plaintiff restate and reallege by reference paragraphs 1 through 71 above as though fully set forth herein.

**ANSWER**:   Defendants restate and incorporate their answers to paragraphs 1-71 as their answer to paragraph 87 of Count Three.

88.     On occasions since August, 2009 and continuing through December, 2009, without cause or provocation, Defendant Snooks assaulted STANFIELD by his threatening, degrading, and hostile demeanor, causing STANFIELD to be placed in well-founded fear of her safety and well-being.

**ANSWER**:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (88).

89.     In the end of 2009 through the beginning of 2010, without cause or

provocation, Defendant Snooks assaulted STANFIELD by his threatening, degrading, and hostile demeanor, causing her to be placed in well-founded fear of her safety and well-being.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (89).

90.     Defendant Snooks thereby intentionally and unlawfully threatened injury by force to the persons of Plaintiff, which under the circumstances created in Plaintiff a well-founded fear of imminent peril, and Defendant Snooks had the apparent present ability to effectuate and complete the injury so offered and threatened.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (90).

91.     Defendant Snooks perverse sexual battery, touching, groping, and assault and battery of STANFIELD described herein, <u>supra</u>, were performed without her consent and against their will, and resulted in harmful and/or offensive contact to Plaintiff.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (91).

92.     At all relevant times to this action, Defendant Snooks knew or reasonably should have known that his conduct was harmful and/or offensive to Plaintiff.   Defendant Snooks' actions as alleged herein, <u>supra</u>, were willful and intentional and were taken with wanton disregard of Plaintiff's well-being.

**ANSWER**:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (92).

93.    As a direct and proximate result of Defendant Snooks' unlawful acts, Plaintiff has suffered severe physical and emotional damages resulting in and among the following:   the need for medical and psychological treatment; pain and suffering; disability for which they suffered lost wages and will be expected to suffer in the future; and future economic loss for medical and psychological treatment.

**ANSWER**:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (93).

94.    Defendant Snooks acted wilfully and maliciously with respect to his treatment of Plaintiff

**ANSWER**:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (94).

WHEREFORE, Defendants, Thomas Dart, in his individual capacity, Cook County, Cook County Sheriff's Department, and Scott Kurtovich, individually, respectfully request that this Court enter judgment in their favor and against Plaintiff, Barbara Stanfield, that the action be dismissed with prejudice, and that costs be assessed against Plaintiff.

### COUNT IV
### (STANFIELD v. Defendant Snooks)
### (Intentional Infliction of Emotional Distress)

95.    As against Defendant Snooks, STANFIELD restates and realleges by reference paragraphs 1 through 71 above as though fully set forth herein.

**ANSWER**: Defendants restate and incorporate their answers to paragraphs 1-71 as their answer to paragraph 95 of Count Four.

96. The intentional acts of Defendant Snooks constitute extreme and outrageous conduct, beyond the bounds of decency, which inflicted severe emotional distress and mental anguish on STANFIELD.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (96).

97. As a proximate result of Defendant Snooks' unlawful acts, Plaintiff has suffered severe mental anxiety and emotional and physical distress.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (97).

98. Defendant Snooks acted willfully and maliciously with respect to his treatment of Plaintiff.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (98).

WHEREFORE, Defendants, Thomas Dart, in his individual capacity, Cook County, Cook County Sheriff's Department, and Scott Kurtovich, individually, respectfully request that this Court enter judgment in their favor and against Plaintiff, Barbara Stanfield, that the action be dismissed with prejudice, and that costs be assessed against Plaintiff.

**COUNT V**
**(STANFIELD v. Defendants Dart, Kurtovich and Snooks)**
**(Gender Violence Act, 740 ILCS 82/1 et.seq.)**

26

99.     As against Defendant Snooks, STANFIELD restates and realleges by reference paragraphs 1 through 71 above as though fully set forth herein.

**ANSWER**:   Defendants restate and incorporate their answers to paragraphs 1-71 as their answer to paragraph 99 of Count Five.

100.     Defendant Snooks perpetrated acts of violence and physical aggression against the STANFIELD which otherwise satisfy the elements of battery under Illinois law.

**ANSWER**:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (100).

101.     Defendant Snooks' conduct was based on STANFIELD'S gender.

**ANSWER**:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (101).

102.     As a proximate result of Defendants' unlawful acts, Plaintiff has suffered severe mental anxiety and emotional and physical distress.

**ANSWER**:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (102).

103.     Defendant Snooks acted willfully and maliciously with respect to his treatment of Plaintiff STANFIELD.

**ANSWER**:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph (103).

WHEREFORE, Defendants, Thomas Dart, in his individual capacity, Cook County, Cook County Sheriff's Department, and Scott Kurtovich, individually,

respectfully request that this Court enter judgment in their favor and against

Plaintiff, Barbara Stanfield, that the action be dismissed with prejudice, and that

costs be assessed against Plaintiff.

### COUNT VI
### (Plaintiff v. Cook County and the Sheriff's Department)
### (Illinois Civil Rights Act of 2003-740 ILCS 23/1 et.seq.)

104.    As against Defendants Cook County, the Sheriff's Department, and

Sheriff Dart officially, Plaintiff restate and reallege by reference paragraphs 1

through 71 above as though fully set forth herein.

**ANSWER**:    Defendants restate and incorporate their answers to paragraphs

1-71 as their answer to paragraph 104 of Count Six.

105.    The actions of Defendants as perpetrated by its agents and as described

and complained of above, are unlawful employment practices in that they likely have

the effect of discriminating against, depriving and tending to deprive equal

employment to, and otherwise adversely affecting Plaintiff because of their sex, in

violation of 740 ILCS 23/1 et.seq.

**ANSWER**:    Defendants deny the allegations of paragraph (105).

106.    Defendants have engaged in a policy, pattern, and practice of sexual

harassment of women and based on gender.

**ANSWER**:    Defendants deny the allegations of paragraph (106).

107.    Defendants intentionally subjected Plaintiff to unequal and

discriminatory treatment by creating a hostile and abusive work environment that

altered the conditions of Plaintiff's employment and by knowingly failing and

refusing to protect Plaintiff from those hostile and abusive conditions.

**ANSWER**:   Defendants deny the allegations of paragraph (107).

108.   The actions of Defendants in intentionally engaging in and condoning sexual harassment against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**ANSWER**:   Defendants deny the allegations of paragraph (108).

WHEREFORE, Defendants, Thomas Dart, in his individual capacity, Cook County, Cook County Sheriff's Department, and Scott Kurtovich, individually, respectfully request that this Court enter judgment in their favor and against Plaintiff, Barbara Stanfield, that the action be dismissed with prejudice, and that costs be assessed against Plaintiff.

## COUNT VII
## INDEMNIFICATION
### (Against Cook County)

89.(sic)   STANFIELD hereby incorporates and realleges paragraphs 1-71 as though set forth and is incorporated by reference.

**ANSWER**:   Defendants restate and incorporate their answers to paragraphs 1-71 as their answer to paragraph 89(sic) of Count Seven.

90.(sic)   Pursuant to 745 ILCS 10/9-102, 55 ILCS 5/4-603 and 55 ILCS 5/5-1106, Cook County is empowered and directed to pay any judgment for compensatory damages (and any associated attorney fees and costs) for which an independently elected Cook County officer, such as the Cook County Sheriff and its

deputies, including but not limited to Defendants Dart, Kurtovich and Snooks, acting within the scope of their employment is found liable.

**ANSWER**: Defendants deny the allegations of paragraph (90)(sic) of Count Seven.

91.(sic)   The acts and/or omissions of Defendants Dart, Kurtovich and Snooks were Committed within the scope of their respective employments with the Cook County Sheriff's Department.

**ANSWER**: Defendants deny that the acts and/or omissions of Snooks were committed within the scope of his employment with the Cook County Sheriff's Department. Defendants admit the remaining allegations of paragraph (91)(sic) of Count Seven.

92.(sic)   In the event that a judgment for compensatory damages is entered against the Defendants Dart, Kurtovich and Snooks and/or Sheriff's Department, Cook County must pay the judgment as well as the associated attorney fees and costs.

**ANSWER**: Defendants deny that in the event that a judgment for compensatory damages is entered against the Defendant Snooks, that Cook County must pay the judgment as well as the associated attorney fees and costs. Defendants admit the remaining allegations of paragraph (92)(sic) of Count Seven.

## AFFIRMATIVE DEFENSES

Defendants, Thomas Dart, in his individual capacity, Cook County, Cook County Sheriff's Department, and Scott Kurtovich, individually, by their attorney,

Anita Alvarez, State's Attorney of Cook County, through her Assistants, Donald J. Pechous and Lisa M. Meador, state the following Affirmative Defenses:

1.      Plaintiff, Barbara Stanfield, seeks punitive damages in this action. Local governments are immune from punitive damages liability under § 1983.  *City of Newport v. Fact Concerts*, 453 U.S. 247 (1981) and 745 ILCS 10/2-102.

2.      Defendant, Thomas Snooks was not acting within the scope of his employment when committing the acts alleged in Plaintiff's Third Amended Complaint.   Accordingly, the Cook County Sheriff's Department and Cook County are not obligated to indemnify Snooks for any judgment (including any associated attorney's fees or costs) against him in this cause.   See 745 ILCS 10/9-102.

3.      The actions of Defendant, Thomas Snooks, as alleged by Plaintiff in her Third Amended Complaint, constitute willful misconduct. Accordingly, the Cook County Sheriff's Department and Cook County are not obligated to indemnify Snooks for any judgment (including any associated attorney's fees or costs) against him in this cause.   See 55 ILCS 5/5-1002

4.      Defendants are immune from Plaintiff's state law claims under 745 ILCS 10/2-201 of the Illinois Tort Immunity Act which provides as follows:   "A public employee serving in a position of involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused."

5.      Defendants are immune from Plaintiff's state law claims under 745

ILCS 10/2-204 of the Illinois Tort Immunity Act which provides as follows: "Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for any injury caused by the act or omission of another person."

6.      Plaintiff does not have any direct liability claim against Cook County. Instead, Plaintiff's lone claim against Cook County is a *Carver* claim for indemnity in the event judgment is entered against the Cook County Sheriff's Department or against other employees of the Sheriff's office.   Under *Carver v. Sheriff of LaSalle County*, 324 F.3d. 947, 948 (7th Cir. 2003), the county is a necessary party solely for indemnity purposes "in any suit seeking damages against an independently-elected county officer such as the sheriff."   *Cobbs v. Sheahan*, 2003 U.S. Dist. LEXIS 19811, *2, *3 (N.D. Ill. October 31, 2003) *citing Carver*, 324 F.3d at 947-948.   Under Section 9-102 of the Tort Immunity Act, Cook County is obligated to fund settlements and/or judgments in tort actions filed against county officials in their official capacities. *See Carver*, 324 F.3d at 947-948.   Cook County is a party in this matter not for any substantive claim, but solely for indemnity purposes.

7.      Plaintiff's claims are time-barred.

8.      Plaintiff failed to file her complaints with the EEOC and the Illinois Department of Human Rights in a timely manner.

9.      Defendants' conduct was reasonable and not contrary to any established law.

10.    Defendants are governmental entities and entitled to statutory limitations on damages awards.

11.    Plaintiff has failed to exhaust her available grievance procedures under the terms of the applicable Collective Bargaining Agreement.

12.    Plaintiff has failed to exhaust her administrative remedies.

13.    Plaintiff has failed to act reasonably to mitigate her damages.

## JURY DEMAND

Defendants, Thomas Dart, in his individual capacity, Cook County, Cook County Sheriff's Department, and Scott Kurtovich, individually, respectfully demand trial by jury.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County


By:/S/ Donald J. Pechous
        Donald J. Pechous
        Deputy Chief
        Lisa M. Meador
        Assistant State's Attorney
        Civil Actions Bureau
        500 Richard J. Daley Center
        Chicago, IL   60602
        (312) 603-3378
        #6201774