IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | ) | |
|---|---|---|
| BARBARA STANFIELD, | ) | |
| Plaintiff, | ) | 10 C 6569 |
| v. | ) | |
| | ) | |
| | ) | |
| THOMAS DART, in his individual capacity; | ) | Judge Virginia M. Kendall |
| COOK COUNTY, a unit of Municipal | ) | |
| Government; COOK COUNTY SHERIFF'S | ) | |
| DEPARTMENT, a Political Subdivision; | ) | |
| THOMAS SNOOKS, SCOTT KURTOVICH, | ) | |
| individually, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The Defendant Thomas Snooks, represented by the Office of the State's Attorney of Cook County, filed a Motion for Payment of Costs Incurred as part of a motion for miscellaneous relief. (Doc. 144). The County argues that Plaintiff Barbara Stanfield's tardy cancellation of her Rule 35 psychological evaluation incurred a cancellation fee for which she should pay rather than the Defendant. For the following reasons, the Court grants the Defendant's Motion for Payment of Costs Incurred.

**I. BACKGROUND**

Pursuant to Rule 35, Stanfield was scheduled for a psychological evaluation by Dr. Ganellen, a clinical psychologist of the Defendants' choice. (Doc. 144, Ex. A). On May 1, 2012, the Office of the State's Attorney informed Stanfield's counsel via fax and mail that Stanfield was scheduled for an appointment with Dr. Ganellen on May 11, 2012. (Doc. 144, Ex. B, p. 8). In that letter, the County asked that Stanfield's counsel notify the County as soon as possible if she would be unable

1

to attend her evaluation on that date because the County would have to pay the hourly fee for this examination. (Doc. 144, Ex. B, p. 8). Stanfield's counsel requested that the evaluation be rescheduled. (Doc. 144, Ex. B, p. 9). Stanfield's counsel explained that the County had already scheduled an appointment for her to be examined by Dr. Alexander Obolosky of Health & Law Resources, Inc., on that same date. (Doc. 158, p. 2 (citing an Exhibit but providing none)). On May 4, 2012, the County notified Stanfield's counsel via fax and mail that the evaluation was rescheduled for May 11, 2012, and asked that the County be notified as soon as possible if such date was inconvenient for Stanfield so as to avoid incurring unnecessary expenses. (Doc. 144, Ex. B, p. 10). This appointment was also rescheduled and on May 15, 2012, Stanfield's counsel confirmed notice of the appointment scheduled for June 8, 2012. (Doc. 144, Ex. B, p. 12).

On June 7, 2012, the afternoon before the appointment, the County emailed Stanfield's counsel to confirm an email recently received by the Defendants which stated that Stanfield had to appear in traffic court the following day. (Doc. 144, Ex. B, p. 6). The County requested clarification as soon as possible as to whether that meant she would be late for her appointment or was seeking to reschedule it, because the County would "be paying for the appointment." (Doc. 144, Ex. B, p. 6). When Stanfield's counsel requested rescheduling the evaluation, the County informed him that he would be notified if the County received a bill for Stanfield's cancelled appointment. (Doc. 144, Ex. B, p. 5). The County did in fact receive a bill from Dr. Ganellen on June 8, 2012, via letter. (Doc. 144, Ex. B, p.2). Per Dr. Ganellen's professional policy, a scheduled appointment reserves seven hours of his time during which he makes no other appointments or commitments. (Doc. 144, Ex. B, p.2). Cancellation or postponement of an appointment with Dr. Ganellen requires five full days' advance notice. (Doc. 144, Ex. B, p.3). Accordingly, Dr. Ganellen's invoice for the evaluation

totaled $2,450. (Doc. 144, Ex. B, p.4). The County forwarded the bill to Stanfield's counsel on June 18, 2012. (Doc. 144, Ex. B, p.1). Stanfield disputes her obligation to pay the bill.

**II. DISCUSSION**

Although a party seeking a medical evaluation typically pays for the appointment pursuant to Rule 35, the County moves the Court to direct Stanfield to pay the $2,450 associated with her late cancellation of the evaluation pursuant to Rule 37 (a)(5). Generally, a motion to compel, if granted, obligates the party whose conduct necessitated the motion to pay the movant's reasonable expenses, unless the Court finds that the party's "nondisclosure, response or objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). The County argues that Stanfield could have provided notice of her traffic court appearance sooner than the afternoon prior to the appointment; therefore, her delay cannot be excused and should not impose an unfair burden on the Defendant to pay the cancellation fee. In response, Stanfield argues that her inability to attend the examination was substantially justified and the circumstances make an award of expenses unjust, as provided by Rule 37(a)(5)(A).

Stanfield argues that the examination was unnecessary because its purpose was to determine whether she is able to return to work and she has in fact been cleared to return but was denied "return to work" status. (Doc. 158, p. 2-3 (citing 4 Exhibits but providing none)). This argument ignores Stanfield's allegation that she suffers from depression, humiliation, anguish, emotional distress and defamation due to the Defendants' sexual harassment, gender discrimination and intentional infliction of emotional distress. (Doc. 50, Third Amended Complaint). Her alleged damages have placed her mental condition in controversy. *See Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964) (plaintiff pleading mental injury places that injury "in controversy and provides the defendant with

3

good cause for an examination to determine the existence and extent of such asserted injury."). Therefore, the purpose of the evaluation was for the Defendants to determine the existence and extent of her alleged injuries, for which Rule 35 permits the Court to order an evaluation. The Court so ordered. (Doc. 157). Accordingly, the evaluation was necessary.

Stanfield argues that her absence was justified because it was pursuant to instructions from a Cook County Circuit Court Judge to appear in traffic court with her son. Of course, a court's order for a party to appear can constitute a reasonable excuse for that party's attempt to reschedule a different litigation proceeding. Stanfield's counsel asserts that she reported on June 7, 2012, to her counsel that she had appeared in the Circuit Court of Cook County in Markham, Illinois, for her son's traffic violation, and that she was advised to return on June 8, 2012. (Doc. 158, p. 2 (citing an Exhibit but providing none)). Stanfield's counsel argues that she reported the conflict to her counsel as quickly as she could, and in turn, her counsel advised the County as soon as possible. However, Stanfield's counsel fails to inform the Court on what date Stanfield knew that she would be required to appear in traffic court on June 8, 2012, so that the Court may determine whether her actions prior to June 7, 2012, were prompt and with sufficient regard to her scheduled evaluation. Consequently, the Court is unable to determine whether her tardiness was substantially justified.

Finally, Stanfield argues that Dr. Ganellen provided no support for his hourly rate and that the length of time for which the rate was charged was excessive. Dr. Ganellen's fee is $350 per hour, which is enviable but not exorbitant. *See e.g. Bovery v. Mitsubishi Motor Manufacturing*, 2002 U.S. Dist LEXIS 5701, *6 (C.D. Ill. 2002) (citing *Magee v. Paul Revere Life Ins. Co.,* 172 F.R.D. 627, 645-46 (E.D. N.Y. 1997) (finding a $300 per hour fee reasonable compensation for a treating psychiatrist's deposition)); *Hose v. Chicago and North Western Transpo. Co.*, 154 F.R.D. 222,

4

225-227 (S.D. Iowa 1994) (finding a $400 per hour fee to be reasonable for a treating neurologist's deposition)). The length of time for which an evaluation is scheduled–and when cancelled, is billed–is properly for the medical professional to determine and it appears otherwise reasonable. Although the record does not indicate whether Stanfield was directly notified of the hourly rate or the cancellation fee, the County alerted her counsel thrice to the fact that the County was mindful of Dr. Ganellen's fees when scheduling–and rescheduling–the appointment. (Doc. 144, Ex. B, p. 8; Doc. 144, Ex. B, p. 10; Doc. 144, Ex. B, p. 6). The fee could have been mitigated by Stanfield's rescheduling of the evaluation for later in the day on June 8, 2012, after her appearance in traffic court, rather than cancelling the evaluation entirely. The County specifically asked Stanfield's counsel whether she intended to arrive late to the appointment or wanted to reschedule it for a different day. (Doc. 144, Ex. B, p. 6). However, Stanfield sought to reschedule the evaluation entirely on the eve of the appointment, which is reasonably foreseeable to incur costs. In addition, the Defendants and the County paid the costs incurred for the evaluation that eventually took place on July 6, 2012. (Doc. 159, p. 3). Therefore, cancellation and its consequences was within Stanfield's control; to impose her costs on the Defendant would be unjust.

## III. CONCLUSION

For the foregoing reasons, the Defendant's Motion for Payment of Costs Incurred is granted. Stanfield must pay Dr. Ganellen's outstanding cancellation fee of $2,450.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: September 14, 2012