**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BARBARA STANFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 10 C 6569 |
| v. ) | |
| ) | The Honorable Virginia M. Kendall |
| THOMAS DART, in his individual ) | |
| capacity, COOK COUNTY, a unit of ) | |
| municipal government; COOK COUNTY ) | |
| SHERIFF'S DEPARTMENT, a political ) | |
| subdivision; THOMAS SNOOKS, SCOTT ) | |
| KURTOVICH, individually, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Thomas Snooks ("Snooks") has moved to strike the expert report of Dr. Syed I. Ali and to bar Dr. Ali from testifying in this case. For the reasons set forth below, the Court grants Snooks's motion.

**BACKGROUND**

The facts of this case are described in detail in the Court's December 27, 2012 memorandum opinion and order and are incorporated herein by reference. *See Stanfield v. Dart*, No. 10 C 6569, 2012 WL 6720433 (N.D. Ill. Dec. 27, 2012). However, the procedural history of this motion requires description. On March 13, 2012, the Court entered an order setting forth a revised expert discovery schedule for this case. (Doc. 125.) That order required expert discovery to be completed by July 20, 2012. (*Id.*) On June 26, 2012, Snooks filed a motion for a protective order and for an extension of time for completion of expert discovery. (Doc. 144.) The basis for the motion was that Plaintiff, or her counsel, repeatedly failed to provide Stanfield

1

for an examination by Snooks's psychological expert, Dr. Ganellen. (*Id.*) On July 3, 2012, the Court extended the expert discovery schedule to August 10, 2012 for the sole purpose of allowing Dr. Ganellen to examine Stanfield, prepare a report and be deposed by Stanfield's counsel. (Doc. 156.)

On August 21, 2012, Stanfield moved for leave to name a rebuttal witness to respond to the expert report prepared by Dr. Ganellen. (Doc. 184.) At the August 23, 2012 hearing on the motion, counsel for Snooks agreed that Stanfield was entitled to rebut Dr. Ganellen's conclusions with expert testimony. Counsel for Stanfield represented to the Court that Dr. Gokhale, one of Stanfield's treating physicians, would prepare the rebuttal report. (*See, e.g.,* Doc. 186.) Counsel for Stanfield also stated that he did not object to Snooks retaking Dr. Gokhale's deposition. The Court granted the motion for leave to name a rebuttal witness. On September 21, 2012, Stanfield tendered the report of Dr. Syed Ali (the "Report") to Snooks. (Doc. 193-1.) Snooks then filed the instant motion to strike the Report and bar Dr. Ali from testifying on September 24, 2012. (Doc. 193).

## DISCUSSION

As an initial matter, Snooks asks this Court to strike the Report and bar Dr. Ali from testifying pursuant to Federal Rule of Civil Procedure 26. However, the Court assumes this was a mistake and that Snooks seeks to strike the Report under Federal Rule of Civil Procedure 37(c). Rule 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."

2

Here, pursuant to Rule 37(c), the Court strikes the report and bars Dr. Ali from testifying for two reasons. First, the Report fails to conform to the requirements of Federal Rule of Civil Procedure 26(a)(2) because its fails to disclose how Dr. Ali reached the conclusions he asserts in the Report. Second, the Report fails to offer rebuttal evidence to Dr. Ganellen's report.[1]

I.  **Failure to Conform to the Requirements of Rule 26(a)(2)**

Federal Rule of Civil Procedure 26(a)(2) provides, *inter alia,* that an expert's report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." This means that "[a] complete report must include the substance of the testimony which an expert is expected to give on direct examination together with the reasons therefore." *Salgado v. GMC,* 150 F. 3d 735, 742 n. 6 (7th Cir. 1998). The report must not be "sketchy, vague, or preliminary in nature." *Id.* It must include "how" and "why" the expert reached a particular conclusion, not just the expert's ultimate opinion. *Id.* "The reason, of course, that experts must substantiate their opinions is that an expert who supplies only an ultimate conclusion with no analysis supplies nothing of value to the judicial process." *Finwall v. City of Chicago,* 239 F.R.D. 494, 501 (N.D. Ill. 2006) (citing *Minasian v. Standard Chartered Bank, PLC,* 109 F.3d 1212, 1216 (7th Cir. 1997)).

In this case, the Report identifies the materials Dr. Ali reviewed and states his conclusion is that Stanfield suffered from Acute Stress Disorder, which morphed into Post-Traumatic Stress Disorder. (*See* Doc. 193-1 at 5.) However, the Report does not describe how Dr. Ali reached his opinion based on the materials identified in the Report. For example, the Report states that Dr.

---

[1] Snooks also argued that the Report should be barred because counsel for Stanfield originally stated that the rebuttal expert would be Dr. Gohkale. However, as counsel for Snooks conceded at the August 23, 2012 hearing, Stanfield has a right to rebut Dr. Ganellen's report with expert testimony. She is not limited to using a witness already identified in the case as a rebuttal expert. Moreover, the change in experts does not prejudice Snooks. Snooks indicated that he planned to redepose Dr. Gohkale after he issued his rebuttal opinion. The Court does not believe that it would take Snooks's counsel significantly more time to prepare for the deposition of Dr. Ali than it would have taken them to prepare for the deposition of Dr. Gohkale.

Ali interviewed Stanfield. The Report also states that during this interview Dr. Ali questioned Stanfield "about her medical history, work history, and specifically her complaint regarding her work-related allegations of being sexually abused and traumatized." (Doc. 204-3 at 8.) However, the Report fails to provide any explanation as to how Stanfield's description of her medical history, work history and allegations of sexual abuse led Dr. Ali to conclude that she suffered from Post-Traumatic Stress Disorder. Since there is no explanation as to "how" or "why" Dr. Ali reached his conclusions, the Report is excluded because it does not meet the requirements of Rule 26(a)(2)(B).

In her response, Stanfield asks this Court to follow *U.S. ex rel. Pileco, Inc. v. Slurry Systems, Inc.,* No. 09 C 7459, 2012 WL 4891735 (N.D. Ill. Oct. 11, 2012) in which Magistrate Judge Keys found that certain expert reports met the requirements of Rule 26(a)(2). As initial matter, the Court notes that since *Pileco* is a district court case, it is not binding on this Court. *See Townsel v. DISH Network L.L.C.,* 668 F.3d 967, 970 (7th Cir. 2012) ("[D]istrict courts' decisions are not authoritative, even in the rendering district (other district judges may disagree)."). However, even if it were, *Pileco* does not dictate a contrary result. There, the Plaintiffs argued that the Defendant's experts' reports did not contain the facts or data considered in forming the opinions identified. *See id.* at *2. The court rejected that argument and found that they did. *See id.* Conversely here, there is no dispute that Dr. Ali's Report identifies the facts and data upon which he purportedly relied. Rather, the issue here is that Dr. Ali's Report does not explain how those facts and data led him to reach the conclusion that Stanfield suffers from Post-Traumatic Stress Disorder. As described above, this failure violates the requirements of

Rule 26(a)(2). Accordingly, Dr. Ali's Report is stricken pursuant to Federal Rule of Civil Procedure 37(c).[2]

## II. Failure to Offer Proper Rebuttal Evidence

Even if Dr. Ali's Report provided the bases for how he reached his conclusions, the Report would still be stricken because it does not contain proper rebuttal evidence. "The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of evidence offered by an adverse party." *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008) (*quoting United States v. Grintjes*, 237 F.3d 876, 879 (7th Cir. 2001)). If, as here, the court's scheduling order permits rebuttal experts and opinions, a party may submit an expert rebuttal witness who is "limited to contradicting or rebutting evidence on the same subject matter identified by another party in its expert disclosures." *Butler v. Sears Roebuck & Co.,* No. 06 C 7023, 2010 WL 2697601, at *1 (N.D. Ill. July 7, 2010) (citing Fed.R.Civ.P. 26(a)(2)(C)). A party may not offer testimony under the guise of "rebuttal" only to provide additional support for his case in chief. *Peals*, 535 F.3d at 630; *see also Smetzer v. Newton*, No. 10 C 93, 2012 WL 2064507, at *2 (N.D. Ill. June 7, 2012) (noting that use of witness "solely as a rebuttal expert depends on whether his opinion is truly rebuttal"); *Larson v. Wis. Cent. Ltd.,* No. 10-C-446, 2012 WL 368379, at *4 (E.D. Wis. Feb. 3, 2012) (rebuttal report should be limited to contradicting or rebutting evidence on same subject matter identified by another party and cannot be used to advance new arguments or new evidence); *Noffsinger v. The Valspar Corp.,* No. 09 C 916, 2011 WL 9795, at *6-7 (N.D. Ill. Jan. 3, 2011) (limiting a rebuttal expert's opinion to his critique of

---

[2] In addition to failing to disclose the reasoning behind his conclusions, Dr. Ali's report also does not disclose "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." Fed. R. Civ. P. 26(a)(2)(B)(v). Stanfield concedes in her response brief that Dr. Ali's report does not contain this necessary disclosure; however, Stanfield asserts that because "Dr. Ali's principal practice is the treatment of patients, not the provision of testimony" there is no previous testimony to disclose. (Doc. 204 at 3.) The Court accepts counsel's representation as accurate. However, the Court notes that Dr. Ali's curriculum vitae does state that he has served as an expert witness in "[m]ore than 500 cases in DuPage, Kane, Will, Cook, Livingstone, [and] LaSalle Counties" (Doc. 193-1 at 14.)

defendants' experts' opinions and striking parts of the expert's report that went beyond the scope of a proper rebuttal witness). A "plaintiff who knows that the defendant means to contest an issue that is germane to the prima facie case (as distinct from an affirmative defense) must put in his evidence on the issue as part of his case in chief." *Braun v. Lorillard, Inc.,* 84 F.3d 230, 237 (7th Cir. 1996). If part of an expert's testimony constitutes improper bolstering while other parts fairly respond to the conclusions of the opposing party's experts, the appropriate course is to limit the proposed rebuttal expert's testimony rather than striking it altogether. *See e.g., Noffsinger*, 2011 WL 9795, at *7; *L.G. Elecs. U.S.A., Inc. v. Whirlpool Corp.,* No. 08 C 242, 2010 WL 3397358, at *13-15 (N.D. Ill. Aug. 24, 2010); *Commw. Ins. Co. v. Stone Container Corp.,* No. 99 C 8471, 2002 WL 385559, at *6-7 (N.D. Ill. Mar. 12, 2002).

In this case, Dr. Ali's report was purportedly prepared as rebuttal to the report prepared by Dr. Ganellen. However, Dr. Ali's Report fails to address Dr. Ganellen's conclusions or methodology. Indeed, it fails to provide any analysis regarding the conclusions reached in Dr. Ganellen's report. Rather, Dr. Ali's Report is an attempt to bolster Stanfield's case-in-chief. "A party may not offer testimony under the guise of 'rebuttal' only to provide additional support for his case." *Noffsinger*, 2011 WL 9795, at *7 (citing *Peals,* 535 F.3d at 630)).

At the outset of his Report, Dr. Ali states that he was "asked to provide an independent expert opinion as to the 'likely psychological impact of sexual assault and harassment' on Ms. Stanfield as well as her capacity to return to work in her current environment." (Doc. 193-1 at 4.) Dr. Ali then purportedly reviewed a wide-range of records to reach a conclusion that Stanfield suffered from Acute Stress Disorder that continued as Post-Traumatic Stress Disorder as a result of the conduct alleged in Stanfield's Third Amended Complaint. This is not a rebuttal report. It is an expert report and opinion on issues for which Stanfield bears the burden of proof

as part of her prima facie case. *See, e.g., Noffsinger,* 2011 WL 9795, at *7 (striking a putative rebuttal report that was offered to bolster case-in-chief except for portions that actually challenged the defendant's experts' "methodology and the evidence on which they relied"). At this late date, Stanfield cannot introduce a new expert to bolster her case-in-chief. Since Dr. Ali's Report does not challenge Dr. Ganellen's methodology, conclusions or evidence, but instead offers an "independent expert opinion as to the 'likely psychological impact of sexual assault and harassment' on Ms. Stanfield," the Report is stricken because it does not contain proper rebuttal evidence.[3]

## CONCLUSION

For the reasons set forth above, Snooks's motion is granted. Dr. Ali's Report is stricken and Dr. Ali is barred from testifying in this case.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: February 14, 2013

---

[3] Snooks also argues that Dr. Ali's Report should be stricken as cumulative. "Multiple expert witnesses expressing the same opinions on a subject is a waste of time and needlessly cumulative. It also raises the unfair possibility that jurors will resolve competing expert testimony by 'counting heads' rather than evaluating the quality and credibility of the testimony." *Sunstar, Inc. v. Alberto-Culver Co., Inc.,* Nos. 01 C 0736 and 01 C 5825, 2004 WL 1899927, at *25 (N.D. Ill. Aug. 23, 2004). However, such witnesses are generally excluded pursuant to Federal Rule of Evidence 403 – a rule that does not "pertain[] to the discovery or motion practice stage of the case," but rather the "trial stage of the case." *Id.* at 24.